IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Trisha Robinson, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Accelerated Receivables Solutions (A.R.S.), Inc. and David W. Brostrom,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br>**and**<br>**JURY DEMAND**<br><br>**(Class Action)** |

I.   **INTRODUCTION**

This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*. Plaintiff Trisha Robinson, on behalf of herself and all persons similarly situated, seeks a declaratory judgment, injunctive relief, actual and statutory damages against the Defendant debt collectors.  This matter arises from Defendants' routine practices of: (1) filing county court collection complaints against Nebraska consumers, under Neb.Rev.Stat. § 25-1801 for the purpose of availing themselves of statutory attorney fees, and/or  prejudgment interest when in fact Defendants do not meet the statutory requirements therein and (2) Defendants' routine practices of attempting to collect any amounts for attorney fees, and/or

1

interest on their standard lawsuits stating a claim for "services and supplies" with in-house counsel and without meeting the statutory requirements of Neb.Rev.Stat. § 25-1801. Defendants actions violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(9), § 1692e(10), § 1692f and § 1692f(1). Plaintiff also alleges that each of the challenged practices set forth herein violates the NCPA.

## II.   JURISDICTION

1. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

2. In personam jurisdiction exists and venue is proper as Defendants are Nebraska entities which regularly do business in this district and the challenged practices occurred in this jurisdiction. Plaintiff is also a resident of this district. See 28 U.S.C. § 1391.

## III.   PARTIES

3. Plaintiff Trisha Robinson ("Ms. Robinson") is an adult individual residing in Hubbell, Thayer County, Nebraska. At all times material hereto, Ms. Robinson and each member of the class she seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

4. Defendant Accelerated Receivables Solutions (A.R.S.), Inc. ("ARS"), is a Nebraska corporation engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with its principal place of business in Scottsbluff, Nebraska. ARS is a "debt collector" as that term is contemplated in 15 U.S.C. § 1692a(6).

5. Defendant ARS has direct involvement in the actions challenged in this lawsuit.

6. Defendant David W. Brostrom ("Brostrom"), is an employee of and in house corporate counsel at ARS licensed to practice law in the state of Nebraska engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with his principal place of business in Scottsbluff, Nebraska.

7. Brostrom is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

8. Brostrom has direct involvement in the actions challenged in this lawsuit.

9. Defendants are entities or individuals who contributed to, or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the other named Defendant to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

10. At all times relevant hereto, each Defendant was, and is now, the agent, servant, employee and/or other representative of the other Defendant and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendant.

## IV. FACTUAL ALLEGATIONS

11. On or about September 9, 2016, Defendants filed their standard county court collection complaint against Plaintiff Trisha Robinson in an action entitled, "*Accelerated Receivable Solutions, Inc., v. Trisha Robinson,*" in the County Court of Thayer County, Nebraska, at Case No. CI16-157. A true and correct copy of said collection complaint is attached hereto as Exhibit A and incorporated herein by this reference.

12. Defendant Brostrom signed and filed the county court complaint in the Robinson lawsuit.

13. In the Robinson county court collection lawsuit, Defendants sought to collect on "account services and supplies" in the amount of $3,692.85. Defendant also sought $257.39 for "check service fees and/or pre-judgment interest."

14. Each Cause of Action in the County Court collection Complaint (<u>Exhibit A</u>) reads:

> **…Thayer County Health Services at the special insistence and request of Defendant(s), furnished Defendant(s) on account services and supplies and there now is due on said account the principle sum of $\_\_\_, check services fees and/or pre-judgment interest of $\_\_\_\_\_, and a reasonable attorney fee....**

15. <u>Exhibit A</u> to the collection complaint simply identifies the alleged creditor and amounts but does not identify the patient.

16. Each Cause of Action of the collection complaint, (<u>Exhibit A</u>) also reads:

> **… Said account has been presented and payment thereof refused in a county where suit may be instituted for collection. Said account remains unpaid. Presentation of the claim has accrued 90 days prior to commencement of suit. Said account has been assigned to Plaintiff for collection.**

17. The alleged disputed debt was incurred primarily for personal, family, or household purposes.

18. The alleged debt was in default at the time of Defendants' attempted collection.

19. Defendant Brostrom is in-house counsel and does not employ outside

counsel on A.R.S. collection matters in Nebraska.

### V. DEFENDANTS' ROUTINE PRACTICES

20. It is Defendants' routine practice to file county court collection complaints in the form of <u>Exhibit A</u> which violates 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(9), 1692e(10), § 1692f and § 1692f(1) the FDCPA as well as the NCPA.

21. Defendants' standard collection complaint alleges that:

**"[PROVIDER] at the special insistence and request of Defendant(s), furnished Defendant(s) on account services and supplies and there now is due on said account the principal sum of $\_\_\_\_, check services fees and/or pre-judgment interest of $\_\_\_\_\_, and a reasonable attorney fee."**

22. It is Defendants' policy and practice to represent in the standard collection complaint (<u>Exhibit A</u>) to miscast the cause of action is for " **services and supplies"** for the purpose of availing Defendants of attorney's fees and interest pursuant Neb.Rev.Stat. § 25-1801, when in fact Defendants do not meet the statutory requirements.

23. It is also Defendants' routine practice to seek and collect sums in addition to principal, including prejudgment interest and statutory attorney fees even though their standard collection complaints do not meet the requirements for being awarded either attorney fees or prejudgment interest.

24. Defendants' routine practices of collecting unauthorized charges violates the FDCPA by seeking and collecting amounts, including interest, fees and costs, which are not permitted by law in violation of 15 U.S.C. §1692f and 1692f(1).

25. Defendants routinely file and prosecute said collection lawsuits against consumers in Nebraska.

26. Defendants systematically characterize the consumer debts in their standard collection complaints as being for "account services and supplies" in order to avail themselves of the benefits of Neb.Rev.Stat. §25-1801, which include the collection of attorney fees interest and costs.

## VI. CLASS ALLEGATIONS

**FDCPA CLASS:**

27. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendants filed a county court collection complaint in the form of <u>Exhibit A</u> or such a ARS collection lawsuit was pending or proceeding (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period one year prior to the date of filing this action.

**NCPA CLASS:**

28. This action is brought as a class action on behalf of a class defined as: (i)

all persons with addresses in Nebraska (ii) against whom Defendants filed a county court collection complaint in the form of <u>Exhibit A</u> or such a ARS collection lawsuit was pending or proceeding (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

29. On information and belief based on Defendants' use of standard complaints in the form of <u>*Exhibit A*</u>, the class is so numerous that joinder of all members is impractical.

30. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal question is whether Defendants' county court collection complaint in the form of <u>Exhibit A</u> violates 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5),§ 1692e(9), § 1692e(10), § 1692f and § 1692f(1).

31. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff retained counsel experienced in class actions and debt collection abuse cases.

33. A class action is superior to other available methods for the fair and

efficient adjudication of the controversy. Individual cases are not economically feasible.

34. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

> (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
> (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

36. Plaintiff requests the Court certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

38. Defendants' county court collection complaint in the form of Exhibit A violates 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), 1692e(9), § 1692e(10), § 1692f and § 1692f (1).

**WHEREFORE**, Plaintiff prays that this Court certify the class and enter judgment for Plaintiff and the class members against the Defendants:

(a) Awarding actual damages, including disgorgement and refund of any amounts collected as a result of collecting attorney fees and/or interest without following the statutory requirements, with interest;

(b) Awarding statutory damages to the Plaintiff and also to the class as provided by 15 U.S.C. §1692k(a)(2);

(c) Awarding Plaintiff and the class their costs and reasonable attorney's fees;

(d) Declaring the challenged practices herein to be unlawful under the Act; and

(e) Granting such other and further relief as may be deemed just and proper.

## VIII. COUNT II – CONSUMER PROTECTION ACT

39. Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

40. Each Defendant is a "person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

41. Defendants' routine acts of misrepresenting the nature of the

account for the purpose of obtaining attorney fees and prejudgment interest, which mislead the unsophisticated consumer, constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602.

42. These violations cause financial injury to the Plaintiff and the Class and bringing this claim is in the public interest.

WHEREFORE, Plaintiff requests that judgment be entered for herself and the class against Defendants for:

    A.    Statutory damages, pursuant to Neb. Rev. Stat. §59-1609;

    B.    Injunctive relief pursuant to the NCPA;

    C.    Declaratory relief that Defendants' practices violate the NCPA;

    D.    Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. §59-1609;

    E.    Actual damages for Plaintiff and the class; and

    F.    Such other and further relief as the court deems just and equitable.

## IX. **JURY DEMAND**

Plaintiff demands a trial by jury of all claims so triable.

February 23, 2017            Trisha Robinson,
on behalf of herself and all others
similarly situated, Plaintiff,

<u>BY: S/Pamela A. Car</u>
Pamela A. Car, #18770
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., LLO
8720 Frederick Street, Suite 105
Omaha, NE 68124
1 (402) 391-8484
Fax: 1 (402) 391-1103
E-mail: pacar@cox.net
E-mail: billr205@gmail.com
AND
Tregg R. Lunn #22999
Law Office of Tregg Lunn
830 L St. Ste. 200
Lincoln, NE 68508
(402) 730-7021
tregg@tregglunnlaw.com

ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS

12