# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRISHA ROBINSON, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>ACCELERATED RECEIVABLES SOLUTIONS (A.R.S.),INC., and DAVID W. BROSTROM,<br><br>Defendants. | 8:17CV56<br><br>ORDER |

This matter is before the Court on the Motion for Leave to File *Amicus Curiae* Brief, ECF No. 42, filed by the Nebraska Collectors Association, Inc. (NCA), and the Motion for Leave to File *Amicus Curiae* Brief, ECF No. 47, filed by ACA International. Both motions seek leave to file briefs supporting Defendants' Motion for Judgment on the Pleadings, ECF No. 37. Plaintiff Trisha Robinson opposes both motions.

Whether to allow amicus curiae to file a brief supporting a pending motion "is solely within the broad discretion of the district court." *COR Clearing, LLC v. Calissio Res. Grp., Inc.*, No. 8:15CV317, 2015 WL 6604010, at *1 (D. Neb. Oct. 29, 2015) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). "The amicus privilege rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Engineers*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014) (quoting *Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Minn. 1994), *rev'd on other grounds*, 85 F.3d 1295 (8th Cir. 1996)).

NCA and ACA argue that their briefs are helpful and timely in resolving the Defendants' motion, ECF No. 37, because the briefs more fully analyze Nebraska law and explain how other state courts have addressed similar issues. Robinson opposes the motions, arguing that they are unhelpful and that both ACA and NCA are simply "organization[s] of debt collectors advocating in defense of one of [their] own." Opp. Brief, ECF No. 55, Page ID 374.

The Court finds that the proposed briefs are timely and useful. Regarding ACA and NCA's roles as advocates for Defendants, Robinson cites to *COR Clearing LLC* for the proposition that "such advocate[s] should NOT be granted leave to file an amicus curiae brief . . . ." ECF No. 55, Page ID 347 (citing *COR Clearing LLC*, 2015 WL 6604010, at *2). However, *COR Clearing LLC* acknowledges "[d]istrict courts throughout the country are split as to 'the extent to which district courts are willing to permit the participation of an amicus who acts primarily as an advocate for one party.'" *COR Clearing LLC*, 2015 WL 6604010, at *2 (quoting *Club v. Fed. Emergency Mgmt. Agency*, No. CIV.A. H-07-0608, 2007 WL 3472851, at *2 (S.D. Tex. Nov. 14, 2007)). As noted in *COR Clearing LLC*, district courts often look to Federal Rule of Appellate Procedure 29, in assessing motions to file as amicus curiae. *See id.* As discussed by the Court of Appeals for the Third Circuit, Rule 29's requirement that an amicus have an "interest"[1] in a case is difficult to reconcile with a rule that amici filing with the district court be impartial. *See Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002) (citing Fed. R. App. P. 29). Considering this, the Court finds that any interest in

---

[1] Rule 29 states that a motion to file as amicus curiae must state "the movant's interest." Fed. R. App. P. 29(a)(3)(A); *see* Fed. R. App. P. 29(a)(4)(D). The Third Circuit noted that "[a]lthough [Rule 29] does not say expressly that a motion for leave to file should be denied if the movant does not [state an adequate interest], this is implicit." *Neonatology Assocs., P.A.*, 293 F.3d at 131.

2

the litigation on the part of NCA or ACA is an insufficient reason to deny the motions, and both will be granted. Accordingly,

IT IS ORDERED:

1. The Motion for Leave to File *Amicus Curiae* Brief, ECF No. 42, filed by the Nebraska Collectors Association, Inc., is granted;

2. The Motion for Leave to File *Amicus Curiae* Brief, ECF No. 47, filed by ACA International, is granted;

3. The Nebraska Collectors Association, Inc., and ACA International will file their briefs on or before March 14, 2018; and

4. Plaintiff Trisha Robinson may respond within seven days after service of the briefs.

Dated this 12th day of March, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge