# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRISHA ROBINSON, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>ACCELERATED RECEIVABLES SOLUTIONS (A.R.S.), INC., and DAVID W. BROSTROM,<br><br>Defendants. | 8:17CV56<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Judgment on the Pleadings, ECF No. 37, filed by Defendants Accelerated Receivables Solutions, Inc. (ARS), and David Brostrom. For the reasons stated below, the motion will be granted.

## BACKGROUND

On September 20, 2016, ARS filed a complaint (County Court Complaint) in the County Court of Thayer County, Nebraska. ECF No. 1-1. The County Court Complaint, a standard form used by ARS, *see* Compl. ¶ 20–21, ECF No. 1, Page ID 6, alleged fifteen causes of action against Plaintiff Trisha Robinson for unpaid medical debts, assigned to ARS from Thayer County Health Services. In total, ARS sought "$3,692.85 in principal, $257.39 in interest and/or check fees, costs of this action, and a reasonable attorney's fee and post judgment interest as provided by statute." ECF No. 1-1. Page ID 17.

On February 23, 2017, Robinson filed this action against ARS on behalf of herself and a class of similarly situated persons, alleging violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq.* (NCPA). Specifically, Robinson alleged that ARS was liable for "deceptive acts or practices" under Neb. Rev. Stat. § 59-1602,[1] for "miscast[ing] the cause of action is [sic] for 'services and supplies' for the purpose of availing Defendants of attorney's fees and interest pursuant [to] Neb. Rev. Stat. § 25-1801, when in fact Defendants do not meet the statutory requirements," Compl. ¶ 22, ECF No. 1, Page ID 6, and "seek[ing] . . . sums in addition to principal, including prejudgment interest and statutory attorney fees even though their standard collection complaints do not meet the requirements for being awarded either attorney fees or prejudgment interest," *id.* ¶ 23.

Neb. Rev. Stat. § 25-1801 states[2]:

---

[1] "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." Neb. Rev. Stat. § 59-1602.

[2] Although not applicable to the current case, § 25-1801 was recently amended, pursuant to 2018 Nebraska Laws L.B. 710, to read:

> (1) On any lawsuit of four thousand dollars or less, regardless of whether the claims are liquidated or assigned, the plaintiff may recover costs, interest, and attorney's fees in connection with each claim as provided in this section. If, at the expiration of ninety days after each claim accrued, the claim or claims have not been paid or satisfied, the plaintiff may file a lawsuit for payment of the claim or claims. . . . If the plaintiff secures a judgment thereon, the plaintiff shall be entitled to recover:
>
> (a) The full amount of such judgment and all costs of the lawsuit thereon;
>
> (b) Interest at the rate of six percent per annum. Such interest shall apply to the amount of the total claim beginning thirty days after the date each claim accrued, regardless of assignment, until paid in full; and
>
> (c) If the plaintiff, has an attorney retained, employed, or otherwise working in connection with the case, an amount for attorney's fees as provided in this section.
>
> . . .
>
> (4) For purposes of this section, the date that each claim accrued means the date the services, goods, materials, labor, or money were provided, or the date the charges were incurred by the debtor, unless some different time period is expressly set forth in a written agreement between the parties.

> Any . . . corporation in this state having a claim which amounts to four thousand dollars or less against any person . . . doing business in this state for . . . services rendered [or] material furnished . . . may present the same to such person . . . for payment in any county where suit may be instituted for the collection of the same. If, at the expiration of ninety days after the presentation of such claim, the same has not been paid or satisfied, [the corporation] may institute suit thereon in the proper court. . . . If [the corporation] establishes the claim and secures judgment thereon, [the corporation] shall be entitled to recover the full amount of such judgment and all costs of suit thereon, and, in addition thereto, interest on the amount of the claim at the rate of six percent per annum from the date of presentation thereof, and, if [the corporation] has an attorney employed in the case, an amount for attorney's fees as provided in this section. . . .

Robinson also alleged that "Defendants' routine practices of collecting unauthorized charges violates the FDCPA by seeking and collecting amounts, including interest, fees and costs, which are not permitted by law in violation of 15 U.S.C. §1692f and 1692f(1).[3]" Compl. ¶ 24, ECF No. 1, Page ID 7.

Defendants filed the current motion, seeking judgment in their favor on the grounds that they could not have violated the FDCPA or NCPA because they were permitted "to seek attorney fees and pre-judgment interest when collecting debts as an assignee of a health care provider that provided medical services and supplies to the consumer" and "to seek and recover attorney fees for services performed by attorneys employed as in-house counsel and appearing as counsel of record when attempting to collect debts arising from medical services and supplies provided by Defendants' assignor." ECF No. 37, Page ID 90–91. Defendants alternatively sought the

---

> (5) This section shall apply to original creditors as well as their assignees and successors.

2018 Nebraska Laws L.B. 710.

[3] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," 15 U.S.C. § 1692f(1).

3

certification of several questions of law to the Nebraska Supreme Court. *Id.*, Page ID 91–92.

## STANDARD OF REVIEW

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010) (citing *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir. 2002)). This is "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## DISCUSSION

**I. Claims for Services Rendered versus Claims on Accounts under § 25-1801**

In its motion, ARS argues that Robinson's claims fail because ARS's County Court Complaint was for "services rendered" and qualifies for prejudgment interest and attorney's fees under § 25-1801. Robinson argues that the County Court Complaint represents a claim on an "account" and as such doesn't qualify under § 25-1801. For support, Robinson relies on *Powers v. Credit Mgmt. Servs., Inc.*, No. 8:11CV436, 2016 WL 612251, at *1 (D. Neb. Feb. 2, 2016). In *Powers*, the defendants were a debt collecting corporation (CMS) and two of its employees, including an in-house attorney. CMS filed claims in Nebraska county court, using standard-form complaints, seeking

4

payment for medical services debts it purchased from a medical care provider. CMS's standard-form complaint stated that the medical provider "provided goods, services and/or labor to Defendant(s) and/or family members of Defendant(s)" and sought prejudgment interest and attorney's fees. *Powers*, 2016 WL 612251, at *2. Plaintiffs brought suit alleging violations of the FDCPA and NCPA, similar to those at bar.

The court in *Powers* held that "[a]n action to collect on a past due amount for services is properly characterized as an action on an account." 2016 WL 612251, at *10 (D. Neb. Feb. 2, 2016) (citing *Thomas & Thomas Court Reporters, L.L.C. v. Switzer*, 810 N.W.2d 677, 686 (Neb. 2012); *Sodoro, Daly & Sodoro, P.C. v. Kramer*, 679 N.W.2d 213, 219 (Neb. 2004)). The court distinguished between actions based on quantum meruit, which are based on the implied promise to pay the reasonable value of furnished labor and materials, and actions on accounts, which are "appropriate where the parties have conducted a series of transactions for which a balance remains." *Id.* (quoting *Kramer*, 679 N.W.2d at 219) (citing *Hancock v. Parks*, 110 N.W.2d 69, 74 (Neb. 1961)). Thus, the two types of actions needed to be pleaded separately and "[m]isrepresenting the nature of a debtor's debts as debts for materials or services rendered, rather than actions on accounts, in order to deceive state courts and debtors and collect impermissible fees and prejudgment interest is a violation of the FDCPA." *Id.* (citing *Jenkins v. General Collection Co.*, 538 F.Supp.2d 1165, 1174 (D. Neb. 2008); *American. Title, Inc. v. Genisys Fin. Corp.*, No. 8:03 CV 463, 2005 WL 2388038, at *3 (D. Neb. Sept. 28, 2005)).

Plaintiffs rely on *Powers* for the proposition that "actions on accounts" do not qualify under § 25-1801. Opp. Brief, ECF No. 50, Page ID 230 ("Defendants do not

5

collect on 'goods and services' but rather defaulted accounts or accounts stated. This Court [has] consistently held that such accounts do not fit under . . . § 25-1801."). Yet *Powers* never reached this holding, and the Court must look to the Nebraska Supreme Court when interpreting § 25-1801. In *Thomas & Thomas Court Reporters, L.L.C. v. Switzer*, 810 N.W.2d 677, 686 (Neb. 2012), the Nebraska Supreme Court analyzed whether various groupings of invoices were within the $4,000 limit of § 25-1801. The court held that because the plaintiff's claim was best characterized as "an action on an account"[4] the amount of the invoices should be aggregated, disqualifying the claim under § 25-1801. *Switzer*, 810 N.W.2d at 686. If the claim's designation as an action on an account was sufficient to *disqualify* the claim under § 25-1801, the Nebraska Supreme Court would not have addressed the issue of aggregate value. The Nebraska Supreme Court's analysis suggests that "actions on accounts" are proper under § 25-1801 if they otherwise qualify under the statute's criteria. Thus, regardless of whether the County Court Complaint is an action on an account, the debts at issue were incurred for services rendered or materials furnished, and otherwise appear to fall within the scope of § 25-1801.

## II. Original Submission of Claim by Thayer County Health Services

Robinson argues that ARS is liable for violations of the FDCPA and NCPA because ARS alleged it filed the County Court Complaint at least ninety days after the

---

[4] In reaching its conclusion, the court in *Swtizer* cited to *Kramer*, 679 N.W.2d at 219. In *Kramer*, the court stated:

> An "action on account" has been defined as an action of assumpsit or debt for the recovery of money only for services performed, property sold and delivered, money loaned, or damages for the nonperformance of simple contracts, expressed or implied, when the rights of the parties will be adequately conserved by the payment and receipt of money.

679 N.W.2d at 219 (quoting 1 C.J.S. Account, Action on § 2).

claim was presented to Robinson, although the original claim was presented by Thayer County Medical Services—not ARS. Robinson contends that the original presentment by Thayer was insufficient under § 25-1801.

Neither this Court, nor counsel, has identified Nebraska case law directly addressing this issue. However, the Court's analysis is informed by the longstanding legal principle that an assignee acquires all the rights and obligations of an assignor. *See Zapata v. McHugh*, 893 N.W.2d 720, 727 (Neb. 2017) (citing *Ehlers v. Perry*, 494 N.W.2d 325 (Neb. 1993)) ("An assignee stands in the shoes of the assignor . . . ."); *Kasel v. Union Pac. R.R. Co.*, 865 N.W.2d 734, 738 (Neb. 2015) (citing *Spanish Oaks v. Hy–Vee*, 655 N.W.2d 390 (Neb. 2003); *Hansen v. E.L. Bruce Co.*, 77 N.W.2d 458 (Neb. 1956)) ("An assignment does not affect or change any of the provisions of the contract."). Following this principle, ARS acquired all the rights of Thayer County Medical Services to pursue collection of the debts assigned—including the right to file in county court ninety days after Thayer's presentment of the claim. The Court finds nothing in the language of § 25-1801 limiting this right.

In *Powers*, the court analyzed a similar issue under the "unsophisticated consumer" standard. 2016 WL 612251, at *14; *see Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000) (citing *Jang v. A.M. Miller and Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997)) ("In evaluating whether a debt collection letter is false, misleading or deceptive [under the FDCPA], the letter must be viewed through the eyes of the unsophisticated consumer."). "[The unsophisticated consumer] standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collections letters." *Duffy*, 215

F.3d at 874–75 (8th Cir. 2000) (citing *Jang*, 122 F.3d at 483–84); *see id.* at 874 (quoting *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)) (noting that the standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder").

The court in *Powers* found "as a matter of law that from the perspective of the least sophisticated consumer, the representation implies that the demand for payment had been presented *by the plaintiff* in the collection action." 2016 WL 612251, at *14. As with the County Court Complaint at issue here, the *Powers* court noted that "nothing in the state-court collection complaints . . . indicates that the demand had been made by the original creditor." *Id.* The *Powers* court also noted that the state-court collection complaint was devoid of any mention of the medical services or the date on which they were provided. The County Court Complaint here identifies each date of service and that Thayer County Health Services was the health care provider. *See, e.g.*, ECF No. 1-1, Page ID 13 ("Prior to and or on March 20, 2014 Plaintiff's assignor, Thayer County Health Services at the special insistence and request of Defendant (s), furnished Defendant (s) on account services and supplies and there is now due on said account the principal sum of $478.00 . . . . Said account has been presented and payment thereof refused . . . . Said account has been assigned to Plaintiff for collection."). The Court finds that based on the language in the County Court Complaint, an unsophisticated consumer would not be misled.

### III. Attorney's Fees for In-house counsel

Robinson alleges that ARS violated the FDCPA and NCPA by seeking attorney's fees. Robinson argues that because ARS employed in-house counsel, attorney's fees are not allowed under § 25-1801. According to Robinson, ARS is "tantamount to a law firm suing *pro se*," ECF No. 50, Page ID 250, and attorney fees are not recoverable by *pro se* litigants, even those who are attorneys. Robinson presents extensive authority that *pro se* litigants cannot recover attorney's fees in Nebraska, but Robinson presents no authority for her characterization of ARS as a "*pro se* law firm," *id.* In fact, authorities cited by Robinson support the availability of fees for in-house counsel. In *Young v. Midwest Family Mut. Ins. Co.*, 753 N.W.2d 778 (Neb. 2008), the Nebraska Supreme Court disallowed the recovery of *pro se* attorney's fees, even to licensed attorneys, while explicitly recognizing it allowed fee recovery for in-house counsel under Neb. Rev. Stat. § 44–359. *Id.* at 782 (citing *Dale Electronics, Inc. v. Federal Ins. Co.*, 286 N.W.2d 437, 443 (Neb. 1979)); *see also Hage v. Gen. Serv. Bureau*, 306 F. Supp. 2d 883, 888 n.2 (D. Neb. 2003) (citing *Dale Electronics,* 286 N.W.2d at 443) ("[E]mployment of in-house, as opposed to retained, counsel would not affect the allowance of a fee."). Although Robinson is correct that *Hage* and *Dale Electronics* did not concern § 25-1801, Robinson offers no colorable reason for a different result under § 25-1801.

Robinson's proposition that this Court should treat ARS as *pro se* litigant runs counter to the long-standing axiom that corporations cannot appear *pro se*. *Niklaus v. Abel Const. Co.*, 83 N.W.2d 904, 910 (Neb. 1957) ("[A] corporation cannot appear in its own person. It must appear by a member of the bar."); *see also Steinhausen v. HomeServices of Nebraska, Inc.*, 857 N.W.2d 816, 826 (Neb. 2015) ("[L]ike a

corporation, an LLC is an abstraction, and 'abstractions cannot appear *pro se*.'" (quoting *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985))).

The Court finds no basis for disallowing attorney's fees under § 25-1801 by reason of ARS's employment of in-house counsel.

## CONCLUSION

Because the Court finds that ARS's County Court Complaint did not improperly seek remedies or amounts disallowed under Nebraska law as alleged by Robinson, ARS could not have violated the FDCPA or the NCPA. The Motion for Judgment on the Pleadings will be granted, and the above-captioned action will be dismissed, with prejudice. The Court does not find certification of questions to the Nebraska Supreme Court necessary or appropriate at this time. Accordingly,

IT IS ORDERED:

1. The Motion for Judgment on the Pleadings, ECF No. 37, filed by Defendants Accelerated Receivables Solutions, Inc., and David Brostrom, is granted;

2. The Motion for Leave to File Amended Answer, ECF No. 53, filed by Defendants Accelerated Receivables Solutions, Inc., and David Brostrom, is denied, as moot;

3. The Motion to Stay Discovery, ECF No. 54, filed by Defendants Accelerated Receivables Solutions, Inc., and David Brostrom, is denied, as moot;

4. The above-captioned action is dismissed, with prejudice; and

5. A separate judgment will be entered.

Dated this 19th day of April, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge